**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Reginald Lanard Gordon, Appellant.

Appellate Case No. 2014-002555

Appeal From Charleston County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-516
Submitted October 1, 2016 – Filed December 14, 2016

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Susannah R. Cole, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Miller*, 375 S.C. 370, 378-79, 652 S.E.2d 444, 448 (Ct. App. 2007) ("When reviewing a trial [court's] ruling concerning voluntariness, the appellate court does not re-evaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial [court's] ruling is supported by any evidence."); *State v. Goodwin*, 384 S.C. 588, 601, 683 S.E.2d 500, 507 (Ct. App. 2009) ("When seeking to introduce a confession, the State must prove that the statement was voluntary and taken in compliance with *Miranda* [*v. Arizona*, 384 U.S. 436 (1966)]."); *State v. Moses*, 390 S.C. 502, 513, 702 S.E.2d 395, 401 (Ct. App. 2010) ("In South Carolina, the test for determining whether a defendant's confession was given freely, knowingly, and voluntarily focuses upon whether the defendant's will was overborne by the totality of the circumstances surrounding the confession."); *id.* at 513-14, 702 S.E.2d at 401 ("Courts have recognized appropriate factors that may be considered in a totality of the circumstances analysis: background; experience; conduct of the accused; age; maturity; physical condition and mental health; length of custody or detention; police misrepresentations; isolation of a minor from his or her parent; the lack of any advice to the accused of his constitutional rights; threats of violence; direct or indirect promises, however slight; lack of education or low intelligence; repeated and prolonged nature of the questioning; exertion of improper influence; and the use of physical punishment, such as the deprivation of food or sleep."); *Miller*, 375 S.C. at 386, 652 S.E.2d at 452 ("Coercive police activity is a necessary predicate to finding a statement is not voluntary.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.